**Thomas License**

*James L. Head,* for appellant.

*Edward Bushong, Jr.,* for Commonwealth.

MARRONE, J., August 29, 1969.—George A. Thomas has appealed from an order of the Secretary of Revenue suspending his motor vehicle operating privileges for a period of two months under the provisions of The Vehicle Code.

The suspension was based on an alleged violation by appellant of section 604.1(c) of The Vehicle Code of April 29, 1959, P. L. 58, as amended by the Act of September 16, 1961, P. L. 1367, which applies to junior operators' licenses and prohibits the operation of a motor vehicle by a junior operator between the hours of midnight and five a.m., unless he is accompanied by a parent or a person in loco parentis.

The evidence discloses that on July 28, 1968, at 1:25 a.m., appellant was stopped by a police officer of the Township of West Goshen, asked to present his operator's license, and upon the officer's discovering that it was a junior operator's license he was charged with a violation of the aforementioned section. Appellant paid the fine and costs. Upon notification that his operating privileges were suspended, he appealed to this court, setting forth in his petition that he was accompanied by someone in loco parentis.

The Commonwealth's evidence consisted of the testimony of the arresting officer who could not recall whether any other person was in the automobile at the time of the arrest. He testified that he could not remember and that there may have been someone in the automobile. At the conclusion of the Commonwealth's case, counsel for appellant advised the court that he would not present any testimony. After

a brief discussion, he did, in fact, put on appellant as well as a brother of appellant who, at the time, was over the age of 18, testified that he was present in the automobile with the operator.

In license suspension appeals, the burden is on the Commonwealth to prove by the fair weight and preponderance of the evidence the violation of The Vehicle Code upon which the suspension is based: Commonwealth v. Anderson, 21 Beaver 167 (1960). The police officer who testified in this case said that he did not have a recollection of the incident insofar as one of the elements of the offense was concerned, i.e., that the operator was or was not accompanied by a parent or a person in loco parentis. Where the police officer cannot testify as to the incidents leading to the charge upon which the suspension is based, the Commonwealth has failed to sustain its position and the appeal must be sustained: Genovese License, 42 D. & C. 2d 514 (1967). We have not overlooked the fact that both appellant and his brother testified he was present and turned over the wheel to the operator. Because of the fact the brother was already 18 years of age and was a licensed operator, we do not hold that this makes him a person "in loco parentis." However, the proof of whether a person is in loco parentis is for the Commonwealth to show by the fair weight and preponderance of the evidence, this being an essential element of the offense: Blair License, 44 D. & C. 2d 26, 17 Bucks 354 (1967). Not having met this burden of showing that the 18 year old was not in loco parentis at the time and there being no proof that no other person was in fact present as either a parent or someone in loco parentis, we will reverse the action of the Secretary of Revenue and reinstate the operating privileges of the appellant.

## ORDER

And now, August 29, 1969, the appeal from the suspension of the operating privileges of George A. Thomas is hereby sustained and the order of the Secretary of Revenue suspending his operating privileges is vacated, overruled and reversed.